UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**UNITED STATES OF AMERICA,**     )
                                                    )
      v.      )  Criminal Action No. 02-475 (RWR)
                                                    )
**RAMENDRA BASU,**    )
                                                    )
      **Defendant.**    )
_____)

**MEMORANDUM OPINION AND ORDER**

Petitioner Ramendra Basu moved under 28 U.S.C. § 2255 to vacate his conviction or correct his sentence arguing that his counsel provided ineffective assistance while Basu cooperated with the government.  His motion was denied, and he now has filed an application for a certificate of appealability.  Because Basu has not made a substantial showing that he was denied a constitutional right, his motion will be denied.

BACKGROUND

The background of this case is discussed fully in United States v. Basu, 531 F. Supp. 2d 48, 51 (D.D.C. 2008) and United States v. Basu, Criminal Action No. 02-475 (RWR), 2012 WL 2244875, at *1 (D.D.C. June 18, 2012).  Briefly, Basu was an employee at the World Bank where he entered into an agreement with a World Bank Task Manager and a Swedish consultant to award business to the consultant with the understanding that the consultant would pay kickbacks to the Task Manager.  Basu, 2012 WL 2244875, at *1.  Basu pled guilty in 2002 to conspiracy to

- 2 -

commit wire fraud in violation of 18 U.S.C. § 371, and corruptly using instrumentalities of interstate commerce in violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-3.  Under the terms of the plea agreement, Basu agreed to cooperate with the government.  Shortly after Basu pled guilty, Assistant Federal Public Defender Greg Spencer took over Basu's representation.

In 2005, a Swedish court sought Basu's testimony at the consultant's trial in Sweden.  "Basu hoped that Spencer would travel to Sweden to learn details that could help his case and to 'document and be witness to [his] cooperation[,]'" but Spencer did not go.  Id.  (quoting Mot. to Vacate, Ex. 1, Basu Affidavit ¶ 6).  "The testimony Basu heard during the trial in Sweden made him question whether he had facilitated bribe payments as alleged in the information to which he pled guilty."  Id.  "When Basu returned to the United States, he learned that a sentencing hearing had been set, and he 'went to see Mr. Spencer in his office and tried to explain to him as best [he] could what had occurred at the Swedish trial.'"  Id. (quoting Mot. to Vacate, Ex. 1, Basu Affidavit ¶ 9).  Basu told Spencer that he wanted to withdraw his plea.  Spencer, though, successfully moved to withdraw as Basu's attorney citing Basu's dissatisfaction with the representation provided by the Federal Public Defender's Office, and new counsel was appointed.  Id. (citing Mot. to Withdraw at 2.)  Basu reviewed the testimony from the Swedish

- 3 -

trial and other pertinent details of the case with his new attorney who filed a motion to withdraw Basu's guilty plea.  He argued that Basu was innocent of the charges and that Basu's plea was coerced.  <u>Basu</u>, 531 F. Supp. 2d at 51.  The motion was denied on the grounds that Basu had voluntarily entered the plea and that his claim of innocence lacked evidentiary support.  The government declined to file a motion for a downward departure since Basu had tried to withdraw his guilty plea, and Basu was sentenced to fifteen months of incarceration.  <u>Basu</u>, 2012 WL 2244875, at *1.

Basu filed a motion to vacate his conviction on the ground that he received ineffective assistance of counsel because Spencer did not assist him during the term of his cooperation.  <u>Id.</u> at *3.  Basu's sole supporting factual assertion was that Spencer did not accompany Basu when Basu testified in Sweden.  <u>Id.</u> (citing Mot. to Vacate at 15-17).  That motion was denied because the court found that "Basu's counsel's representation did not fall below an objective level of reasonableness and Basu suffered no prejudice[.]"  <u>Id.</u> at *1.  Basu filed a notice of appeal and has filed with this court an application for a certificate of appealability.  The court of appeals is holding Basu's appeal in abeyance pending resolution of Basu's application for a certificate of appealability.

## DISCUSSION

A defendant cannot appeal a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or a judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to satisfy this requirement, the petitioner must demonstrate that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).  In particular, where the petition under § 2255 has been denied by the district court on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.

Basu asserted constitutionally ineffective assistance of counsel.  In order to prove such a claim, a defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."  Basu, 2012 WL 2244875, at

- 5 -

\*2 (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984)).  When a defendant asserts an ineffective assistance of counsel claim based on inadequate investigation, the appellant must "'show to the extent possible precisely what information would have been discovered through further investigation[,]'" <u>United States v. Gwyn</u>, 481 F.3d 849, 855 (D.C. Cir. 2007) (quoting <u>United States v. Askew</u>, 88 F.3d 1065, 1073 (D.C. Cir. 1996)), and whether that information "would have produced a different result."  <u>Askew</u>, 88 F.3d at 1073 (citations omitted).

    Basu's habeas petition complained just that Spencer did not accompany Basu to Sweden for his testimony in December 2005.  Now, in seeking a COA, Basu makes new allegations.  He now says that Spencer was ineffective also because Spencer did not in the two years before that testimony accompany Basu to meetings connected with his cooperation, or do more to investigate the details of the charges to which he had pled guilty and the information he learned in Sweden.

    Basu pled guilty to conspiracy and violating the Foreign Corrupt Practices Act.  He pled knowingly and voluntarily and under oath.  He admitted in open court that he committed the criminal acts that violated those statutes.  He sets forth no legal or factual reason that Spencer should have been on notice before December 2005 that there was anything further to investigate in Sweden or elsewhere about the criminal acts Basu

admitted under oath committing. Nor does Basu make any showing that meetings connected with his cooperation revealed any exculpatory information that Spencer should have expected to learn. Nothing in his current filing reflects the requisite substantial showing of any act or omission by Spencer that fell below an objective standard of reasonable professional representation.

Nor does Basu's application illustrate how Spencer's further investigation would have had an impact on the outcome of his case. Basu had already pled guilty at the time he returned from Sweden with the new details he deems important. The only available recourse was pursuing his motion to withdraw the guilty plea. Both Spencer and replacement counsel met with Basu about his new details before his motion was filed. The motion was denied on the merits. Basu provides no legal rationale or alternative grounds for reasonable jurists to disagree about whether any prejudice resulted from Spencer's alleged failure to investigate the crimes Basu had already admitted committing or the information from the trial in Sweden.

## CONCLUSION AND ORDER

Basu has not shown that reasonable jurists would disagree or debate the finding that his counsel's performance was not deficient and that Basu did not suffer prejudice. Therefore, it is hereby

- 7 -

ORDERED that the petitioner's application [75] for a certificate of appealability be, and hereby is, DENIED.

SIGNED this 22nd day of October, 2012.

```
                          /s/
            RICHARD W. ROBERTS
            United States District Judge
```